**FILED**

**FEBRUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 1249**

| | | |
|---|---|---|
| JIM BURGER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VILLAGE OF OAK LAWN, and Oak Lawn | ) | |
| Police Officers G. Vetter, Star No. 225, | ) | |
| Ignatius Goetz, Star No. 313, Police Officer Quinn, | ) | |
| And Police Officer O'Neill, Star No. 269, Individually) | | |
| Defendants, | ) | |

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE COX**

### JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3.     At all times herein mentioned, plaintiff JIM BURGER was and is a citizen of the United States, and was within the jurisdiction of this court.

4.     At all times herein mentioned defendant Oak Lawn Police Officer, G. Vetter, Star No. 225 ("Vetter") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

1

5.    At all times herein mentioned defendant Oak Lawn Police Officer, Ignatius Goetz, Star No. 313 ("Goetz") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

6.    At all times herein mentioned defendant Oak Lawn Police Officer Quinn, ("Quinn") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

7.    At all times herein mentioned defendant Oak Lawn Police Officer O'Neill Star No. 269 ("O'Neill") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

8.    At all times herein mentioned, the Village of Oak Lawn was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Oak Lawn maintained, managed, and/or operated the Oak Lawn Police Department.

## FACTUAL ALLEGATIONS

9.    On or about March 4, 2007, Plaintiff was lawfully located in a public place, in the Village of Oak Lawn, County of Cook, State of Illinois.

10.    At that time and place Goetz initiated a traffic stop of plaintiff's vehicle.

11.     There was no legal cause for Goetz to initiate a traffic stop of plaintiff's vehicle.

12.     After plaintiff stopped his vehicle Vetter ordered plaintiff to exit his vehicle.

13.     There was no legal basis for Vetter to order plaintiff to exit his vehicle.

14.      Vetter did not order plaintiff to exit his vehicle until Goetz had already had a sufficient amount of time to write any traffic citation he thought was appropriate.

15.     Vetter ordered plaintiff to exit his vehicle because he believed that plaintiff considered the situation to be funny and Vetter became aggravated.

16.     After plaintiff exited the vehicle Vetter called plaintiff "asshole."

17.     After plaintiff exited the vehicle Vetter called plaintiff "fucking idiot."

18.     After plaintiff exited the vehicle Vetter called plaintiff "jag-off" and "fucking jag-off."

19.     After plaintiff exited the vehicle Vetter called plaintiff "dick head."

20.     After plaintiff exited the vehicle Vetter said, in reference to plaintiff, "we should have thrown him out in front of a truck."

21.     After plaintiff exited the truck Vetter used force against plaintiff.

22.     There was no legal cause for Vetter to use force against plaintiff.

23.     After plaintiff exited the truck Goetz, Quinn, and O'Neill used force against plaintiff.

24.     There was no legal cause for Goetz, Quinn, or O'Neill to use force against plaintiff.

25.    Goetz, Quinn, and O'Neill had the ability and opportunity to prevent Vetter from using force against plaintiff that they knew had no legal justification, and they failed to protect plaintiff from the use of force by Vetter.

25.    After plaintiff was subjected to the use of force he was then subjected to a custodial arrest by Vetter and Goetz.

26.    There was no legal basis to subject plaintiff to a custodial arrest.

27.    In addition to being issued traffic citations plaintiff was charged with three misdemeanors: Battery to officer Vetter, unlawful use of a weapon, and operating without a business license.

28.    Officer Vertter signed a criminal complaint against plaintiff for the crime of battery.

29.    The allegations against plaintiff contained in the criminal complaint signed by Vetter are false and Vetter knew them to be false when he signed the criminal complaint.

30.    The allegations against plaintiff contained in the criminal complaints for unlawful used of a weapon and operating without a business license were signed by Goetz.

31.    The allegations against plaintiff contained in the criminal complaints signed by Goetz are untrue and Goetz knew them to be untrue when he signed the criminal complaints.

32.    By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

33.    The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

34.    By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff Against Defendants Vetter and Goetz for**
**UNREASONBLE SEIZURE**

35.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

36.    By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

37.    The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: One or both defendants seized plaintiff without legal cause, seized plaintiff for an unconstitutional period of time, and subjected plaintiff to a custodial arrest without probable cause for the custodial arrest. The foregoing was unnecessary, unreasonable

and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendant Vetter for
### EXCESSIVE FORCE

38.    Plaintiff hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

39.    Defendant Vetter used excessive force against plaintiff's person.

40.    There was no legal cause for Vetter to use force against plaintiff.

41.    By reason of Vetter's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

42.    The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Defendants Goetz, Quinn, and O'Neill for
### EXCESSIVE FORCE or in the alternative FAILURE TO PROTECT

43.    Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

44.    Goetz, Quinn, and/or O'Neill used excessive force against plaintiff's person.

45.    There was no legal cause for Goetz, Quinn, or O'Neill to use force against plaintiff.

46.     In the alterntiave, Goetz, Quinn, and/or O'Neill had the ability and opportunity to stop Vetter from using excessive force against plaintiff but failed to do so.

47.     By reason of these acts and/or omissions by Goetz, Quinn, and O'Neill plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

48.     The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV

### Plaintiff against defendants Vetter and Goetz
### FOR DUE PROCESS VIOLATIONS

49.     Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

50.     The defendants Vetter and Goetz deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial.

51.     The acts described in the preceding paragraph were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

52.     By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth

and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, the individual defendants and each of them, is liable to plaintiff

pursuant to 42 U.S.C. §1983.

## COUNT V

**Plaintiff Against defendants Vetter, Goetz, and the VILLAGE OF OAK LAWN For
The State Supplemental Claim Of Malicious Prosecution**

53.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through

thirty-four (34) hereat as though fully alleged at this place.

54.     Defendants Vetter and Goetz caused a criminal prosecution(s) to

commence and continue against the plaintiff.

55.     Defendants Vetter and Goetz, police officers employed by the Village of

Oak Lawn, maliciously commenced and caused to be continued a criminal actions against

the plaintiff without probable cause for the institution of these proceedings. As a result,

plaintiff was injured emotionally, financially, and otherwise from the loss of certain

constitutionally protected liberty and related rights.

56.     Defendants Vetter and Goetz facilitated the malicious prosecutions by the

creation of false evidence and/or by giving false police reports.

57.     The criminal proceedings were terminated in the plaintiff's favor on or

after August 31, 2007.

58.     The Village of Oak Lawn is liable to plaintiff for the acts of Vetter and

Goetz pursuant to the doctrine of *respondeat superior*.

59.     Therefore, defendants Vetter, Goetz, and the Village of Oak Lawn are

liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.   That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.   That the Defendants be required to pay Plaintiff's special damages;

3.   That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.   That the Defendants other than the Village of Oak Lawn be required to pay punitive and exemplary damages in a sum to be ascertained;

5.   That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.   That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com