CGP/430585                                                                                              7020-130

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES BURGER                                      ) | |
|        Plaintiffs,    ) | |
| vs.                                               ) | |
| VILLAGE OF OAK LAWN, and                          ) | |
| Oak Lawn Police Officers,                         ) Case No. 08 C 1249 |
| G.  VETTER,  M.  QUINN,  O'NEILL,                 ) |
| Individually,                                     ) Judge Der-Yeghiayan |
|        Defendants.    ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
## TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

Craig G. Penrose
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor, 233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000 (312) 627-1717 (Fax)
E-mail: cpenrose@tsmp.com

**ATTORNEY FOR ALL DEFENDANTS**

I.  **Introduction**

Plaintiff filed this five count complaint on February 29, 2008. Plaintiff brought claims of unreasonable seizure and excessive force under 42 U.S.C. § 1983 arising out of a traffic stop that occurred on March 4, 2007 (Counts I, II, and III). Plaintiff also filed a state common law malicious prosecution claim against all of the officers and the Village under Count V. Defendants have answered those counts denying the material allegations.

Plaintiff also brought a claim he styled as a "due process violation" under 42 U.S.C. § 1983 under Count IV and appears to assert that Officer Vetter and Goetz "withheld" or "lied" about information presented in the criminal complaint and the police reports.

Because this counts fails as a matter of law it must be dismissed. Plaintiff appears to be asserting a *"Brady"* violation for lack of a fair trial under the Fourteenth Amendment under §1983. Problematic for Plaintiff is that he claims that the criminal proceedings were terminated in his favor, so a *Brady* violation cannot be maintained. And even if a *Brady* violation could be maintained in face of an alleged favorable termination, there was no information that was "withheld," because Plaintiff was there during the event, so he would have known what happened.

II.  **Standard of Dismissal Under *Bell Atlantic***

Rule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "short and plain statement" must be enough "'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Rule 8(a) (2) requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a

1

claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Id.* at n. 3.

The Seventh Circuit noted that in *Bell Atlantic*, the Supreme Court "retooled the federal pleading standards, retiring the oft-quoted *Conley* formulation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)(citing *Bell Atlantic*, 127 S.Ct. at 1969(*Conley*'s "famous observation has earned its retirement.")(in turn quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Seventh Circuit explained in *Bell Atlantic* that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (quoting *Bell Atlantic*, 127 S.Ct. at 1964-65). Instead, the Court held, the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Id.* (quoting *Bell Atlantic*, at 1965)(and quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir.2007)). *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663 (7th Cir.2007).

### III.  Summary of Plaintiff's Complaint

Plaintiff's Complaint is considered true for motion to dismiss purposes only. *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir.1998). Plaintiff states that on March 4, 2007, Officer Goetz initiated a traffic stop (Complaint ¶¶ 9, 10). Plaintiff claims there was no reason to stop him (Complaint ¶ 11) and Officer Vetter then improperly ordered him to exit the vehicle (Complaint ¶ 12). Plaintiff claims Vetter then used unreasonable force against Plaintiff after he exited the vehicle (Complaint ¶ 21, 22). He claims then Officers Goetz, Quinn, and O'Neill used

2

unreasonable force (Complaint ¶¶ 23, 24). He was then arrested (Complaint ¶¶ 25-27). He claims he was arrested for battery, unlawful use of a weapon and operating without a business license (Complaint ¶ 27).

Plaintiff claims Officer Vetter signed a criminal complaint for battery knowing it was false. (Complaint ¶¶ 28, 29). Plaintiff claims Officer Goetz also signed a criminal complaint for unlawful use of a weapon and failure to have a business license and he also allegedly knew the allegations were untrue (Complaint ¶¶ 30-31). Plaintiff claims these criminal proceedings were terminated in plaintiff's favor on or after August 31, 2007 (Complaint ¶ 57).

With respect Count IV, Plaintiff claims Officer Vetter and Goetz deprived plaintiff of a fair criminal trial by submitting false charges in the complaints and the false police reports. (Complaint ¶ 50).

## IV.　Argument

### A.　Dismissal is Proper on Count IV (§ 1983 *Brady* Violation)

Although not entirely clear, it appears that Plaintiff is asserting some type of *"Brady"* violation cause of action in claiming Officer Vetter and Goetz made false criminal complaints and filed false police reports concerning the incident in question.

In Constitutional parlance, however, the only cognizable claim would be a claim for a violation of due process for allegedly not having a "fair trial" under the Fourteenth Amendment because case law is clear that there is no Fourth Amendment right to be tried on less than probable case (and as noted above, this Court has already found probable cause anyway, so there is no Fourth Amendment claim on a "false arrest" theory based on these facts). But upon examination, the *Brady* claim too is meritless.

### *1.   A Primer of A Brady Violation Cognizable Through § 1983*

The well known case of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97,10 L.Ed.2d 216 (1963) stands for the proposition that suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. In the criminal context such a violation usually means a new trial. In the civil context, the only claim at Plaintiff's disposal to seek redress for the alleged fabricating and withholding of evidence is a due process claim under the Fourteenth Amendment, specifically a due process claim based upon this *Brady* violation. *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001).

In order to prevail on this type of due process claim, Plaintiff must establish that the individual Defendant deprived him of his right to a fair trial under *Brady* by deliberately withholding material exculpatory evidence from the prosecutors. *Newsome*, 256 F.3d at 751-52. Thus, plaintiff must prove: 1) that his *Brady* rights were violated during his underlying criminal trial; and 2) that defendant deliberate acts proximately caused his constitutional injury. Stated differently, a *Brady* violation is established when "(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material to an issue at trial." *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir.2001).

Under *Brady*, prejudice or materiality means "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 1565 (1995)(citations omitted). A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.*, 514 U.S. at 434, 115 S.Ct. at 1565. Materiality is not established by "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial" *U.S. v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400

(1976). ." *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 1566 (1995). The evidence suppressed is not "material," and no constitutional error results from its suppression, unless "the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Id.* at 434, 115 S.Ct. at 1566 (quoting *U.S. v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 3381 (1985)).

With regard to the element of prejudice, the Seventh Circuit, in an opinion by then Judge (now Justice) Stevens, held that when the evidence is belatedly turned over in trial and the criminal defendant is acquitted, there is no violation of a due process right to a fair trial. *Christman v. Hanrahan,* 500 F.2d 65 (7th Cir. 1974). (Plaintiff found guilty and the relevant evidence was brought out during the course of the trial. Therefore, even though we certainly do not condone the defendants' egregious misconduct, the trial itself, viewed as an entirety, was not fundamentally unfair).

See also *White v. Moulder,* 30 F.3d 80 (8th Cir. 1994)("[t]he delayed disclosure did not prejudice [the criminal defendant's] defense ... because the trial court effectively prevented unfair jury influence by striking [certain evidence] ... and because [the accused] was acquitted); *Morgan v. Gertz,* 166 F.3d 1307 (10th Cir. 1999)( Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived ); *Flores v. Satz,* 137 F.3d 1275, 1278 (11th Cir. 1998) (do not implicate the protections of *Brady* where defendant never convicted); *McCune v. Grand Rapids,* 842 F.2d 903, 907 (6th Cir. 1988)("Because the underlying criminal proceeding terminated in appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory evidence ... [and] has failed to state an independent claim based on this act of suppression"); *Fiacco v. Los Angeles,* 908 F.2d 976, 1990 WL 94980, 1990 U.S.App. Lexis 11535 (9th Cir.) (unpublished), *cert. denied,* 498 U.S. 984 (1990) (affirming dismissal of Section 1983 due process claim premised on *Brady*

5

violation at earlier criminal trial which was dismissed after a jury deadlock because the evidence came out at trial and was used by the criminal defendant).

Any evidence allegedly concealed from a plaintiff during his criminal trial is not material in *Brady* terms because, where the plaintiff was acquitted, there was no reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed. *Gregory v. Oliver*, 226 F. Supp. 2d 943, 953 (N.D. Ill. 2002) (Shadur, J.) See also, *Sears v. City of Chicago*, 1986 WL 5209 at *5 n.5 (N.D. Ill 1986) (Rovner, J.)("Thus, given that [plaintiff] was acquitted at trial, under any of the definitions of materiality utilized by the courts the evidence allegedly suppressed at [plaintiff's] trial could not be considered material").

### 2. *Plaintiff "Alleged" the Criminal Proceeding Terminated in His Favor, So No Prejudice Results and No Brady Claim Can Be Maintained*

Because at this stage the factual claims in the Complaint are taken as true, Plaintiff clearly stated that the criminal proceedings terminated in his favor (Complaint ¶ 57). Thus he received a fair trial as demonstrated by the numerous cases above. He thus has no *Brady* claim. Moreover, Plaintiff cannot maintain a Fourteenth Amendment claim on a right not to be prosecuted on less than probable cause because (1) the Seventh Circuit has explicitly ruled that probable cause determinations are exclusively within the Fourth Amendment in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). Count IV should be dismissed

### 3. *No Exculpatory Evidence Was Withheld Because Plaintiff Knew What Happened During the Incident*

Plaintiff's claim also fails for the simple reason that he already would have known what happened during the incident so there was nothing "concealed" or "unknown" to the Plaintiff in the criminal complaints an essential requirement for a Brady violation under § 1983. Significantly, all three of the criminal Complaints merely state what happened during the

6

incident when Plaintiff was obviously present (See Exhibit 1 copies of the filed Criminal Complaints)[1]. So whether Officer Vetter or Goetz made allegedly false statements in the criminal complaints finds no support in the Fourteenth Amendment for denial of a fair trial. And obviously Plaintiff received the Complaints so under Bell *Atlantic* there is nothing to raise above speculation what was concealed (and obviously nothing was).

In *United States v. Lee,* 399 F.3d 864 (7th Cir.2005), the Seventh Circuit addressed a defendant's claim that the prosecutor violated *Brady* by failing to produce a pair of pants that the defendant had worn and in which a firearm was recovered. In finding this claim to be without merit, the court noted that "*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), deals with the *concealment* of exculpatory evidence *unknown to the defendant.*" *Lee,* 399 F.3d at 865 (emphasis added).

The Seventh Circuit has expressly rejected the extension of *Brady* to provide relief if a police officer makes a false statement to a prosecutor by arguing that an officer is "suppressing" evidence of the truth by making the false statement.

> Nor can *Brady* serve as the basis of a cause of action against the officers for failing to disclose these circumstances [a coerced confession] to the prosecutor.... The Constitution does not require that police testify truthfully; rather the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.

*Sornberger v. City of Knoxville,* 434 F.3d 1006, 1029 (7th Cir. 2006)(citation omitted).

In *Gauger v. Hendle,* 349 F.3d 354, 360 (7th Cir. 2003)(internal citations omitted) *overruled in part on other grounds by Wallace v. City of Chicago,* 440 F.3d 421, 423 (7th Cir.

---

[1] Documents that a Defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993). In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir.1994). These complaint satisfied both of these criteria.

7

2006), the Seventh Circuit further stated:

> We find the proposed extension of *Brady* [to require the police to render truthful records of interrogations to the prosecutors] difficult even to understand. It implies that the state has a duty not merely to disclose but also to create truthful exculpatory evidence. Indeed the duty to disclose falls out, because Gauger knew what he had said at the interrogation. The problem was not that evidence useful to him was being concealed; the problem was that the detectives were giving false evidence. Gauger wants to make every false statement by a prosecution witness the basis for a civil rights suit, on the theory that by failing to correct the statement the prosecution deprived the defendant of *Brady* material, that is, the correction itself.

See also *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007)(no *Brady* violation unless police *withhold* exculpatory evidence *unknown* to the criminal defendant).

Here, this line of reasoning disposes of Plaintiff's claim. He claims that the information in the Criminal Complaints and police reports were false but the Criminal Complaint merely state what happened. But Plaintiff would know exactly what he did, so there is nothing to withhold that was *unknown to Plaintiff.* Dismissal on this basis is proper also.

### 4.  *In the Alternative, the Parratt v. Taylor Doctrine precludes any Brady Type Violation Claim*

Count IV must also be dismissed on the alternative grounds that such *"Brady"* type claims *are precluded by Parratt* in that a constitutional due process claim for lack of fair trial cannot be maintained when state court remedies of malicious prosecution are available. This is so because the Seventh Circuit in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001)(*Newsome I*), interpreted the Supreme Court decision of *Albright v. Oilver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) to compel this result.

In *Albright,* the plaintiff brought a § 1983 action, alleging that detectives had violated his right to substantive due process by offering testimony against him at a preliminary hearing on criminal charges that were later dismissed. The plaintiff claimed that his right to be free from

8

criminal prosecution except upon probable cause had been violated. The four Justices that made up the plurality concluded in an opinion written by Chief Justice Rehnquist that Albright's claim was cognizable under the Fourth Amendment, but not under substantive due process. *Albright*, 510 U.S. at 271, 114 S.Ct. 807 (plurality opinion).

In arriving at the same end result, Justice Kennedy (joined by Justice Thomas) adopted a different approach. Justice Kennedy looked to the line of cases extending from *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which held that the federal Constitution does not supply a damages remedy for violations of procedural due process where the state provides an adequate postdeprivation remedy. Justice Kennedy reasoned that the "commonsense teaching" of *Parratt* is that constitutional torts do not arise except where state law does not provide a parallel remedy. *Id.* at 284, 114 S.Ct. 807. This rule should be equally applicable, he continued, to cases like Albright's that were nominally brought as substantive due process claims. *Id.* at 285, 114 S.Ct. 807. The availability of a parallel state-law tort of malicious prosecution in Illinois compelled dismissal of Albright's claim. *Id.* at 285-86, 114 S.Ct. 807.

The Seventh Circuit in *Newsome I* began its analysis by distilling an operative rule from the Supreme Court case of *Albright v. Oilver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). *Newsome I* determined that Justice Kennedy's concurring opinion represented the narrowest ground for decision, and thus it set forth the governing law. *Newsome I*, 256 F.3d at 751. (citing *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977)).

The holding of *Albright* (as distilled by *Newsome I*) is directly on point because Albright also concerned an Illinois tort remedy. Thus, because there is a malicious prosecution claim under Illinois law (even if the claim is meritless) here, a constitutional claim is barred by *Parratt*.

9

Plaintiff pled a malicious prosecution claim so there clearly can be no due process *Brady* claim and there is no malicious prosecution claim within § 1983.

## V. Conclusion

Count IV must be dismissed on any and all of these three grounds. First, Plaintiff claims the criminal proceedings ended in his favor, so there is no unfair trial under *Brady*. Second, a *Brady* claim cannot be premised on false criminal complaints as alleged here because there is nothing concealed from Plaintiff. Third, *Parratt* requires dismissal because Plaintiff has a remedy under state malicious prosecution.

Respectfully submitted,

By: s/Craig G. Penrose

Craig G. Penrose
Attorney for Defendant Chresaidos
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax) E-mail: cpenrose@tsmp.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15th, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Garret Browne
Ed Fox & Associates
300 West Adams
Suite 300
Chicago, Ill 60606
(312) 345-8877

gbrown@efox-law.com

Attorney for Plaintiff

s/Craig G. Penrose

Craig G. Penrose

11