CGP/tdw/#325216

7020-130

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JIM BURGER )<br><br>Plaintiff, )<br><br>v. )<br><br>VILLAGE OF OAK LAWN, and Oak Lawn )<br>Police Officers G. Vetter, Star No. 225, )<br>Ignatius Goetz, Star No. 313, Police Officer )<br>Quinn, And Police Officer O'Neill, Star No. )<br>269, Individually )<br><br>Defendants. ) | No. 08 C 1249<br>Judge Der-Yeghiayan |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COME, Defendants by and through their counsel, Craig G. Penrose from Tressler, Soderstrom, Maloney & Priess, LLP and for their answer to Plaintiff's Complaint state as follows:

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:    Admit that Plaintiff has made a claim giving rise to jurisdiction of this Court, but deny that Plaintiff is entitled to recover.**

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:    Admit that Plaintiff has alleged act allegedly occurring in this district, giving venue but deny that Plaintiff is entitled to recover.**

### PARTIES

3.    At all times herein mentioned, plaintiff JIM BURGER was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:**    **Admit.**

4.    At all times herein mentioned defendant Oak Lawn Police Officer, G. Vetter, Star No. 225 ("Vetter") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:**    **Admit.**

5.    At all times herein mentioned defendant Oak Lawn Police Officer Ignatius Goetz, Star No. 313 ("Goetz") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, it representative of the Oak Lawn Police Department. This Defendant is being sues in his individual capacity.

**ANSWER:**    **Admit.**

6.    At all times herein mentioned defendant Oak Lawn Police Officer Quinn, ("Quinn") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:**    **Admit.**

7.    At all times herein mentioned defendant Oak Lawn Police Offices O'Neill Star No. 269 ("O'Neill") was employed by the Oak Lawn Police Department, and was acting under color of state law and as the employee, agent, or representative of the Oak Lawn Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:**    **Admit.**

8.    At all times herein mentioned, the Village of Oak Lawn was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Oak Lawn maintained, managed, and/or operated the Oak Lawn Police Department.

**ANSWER:**    **Admit.**

## FACTUAL ALLEGATIONS

9.    On or about March 4, 2007, Plaintiff was lawfully located in a public place, in the Village of Oak Lawn, County of Cook, State of Illinois.

**ANSWER:**    **Defendants can neither admit nor deny this statement as the term "lawfully located in a public place" is too vague, it is thus deemed denied.**

10.    At that time and place Goetz initiated a traffic stop of plaintiff's vehicle.

**ANSWER:**    **Admit that Goetz stopped Plaintiff's vehicle on March 4, 2007.**

11.    There was no legal cause for Goetz to initiate a traffic stop of plaintiff's vehicle.

**ANSWER:**    **Denied.**

12.    After plaintiff stopped his vehicle Vetter ordered plaintiff to exit his vehicle.

**ANSWER:**    **Admit.**

13.    There was no legal basis for Vetter to order plaintiff to exit his vehicle.

**ANSWER:**    **Denied.**

14.    Vetter did not order plaintiff to exit his vehicle until Goetz had already had a sufficient amount of time to write any traffic citation he thought was appropriate.

**ANSWER:**    **Denied.**

15.    Vetter ordered plaintiff to exit his vehicle because he believed that plaintiff considered the situation to be funny and Vetter became aggravated.

**ANSWER:**    **Denied.**

16.    After plaintiff exited the vehicle Vetter called plaintiff "asshole."

**ANSWER:**    **Denied.**

17.    After plaintiff exited the vehicle Vetter called plaintiff "fucking idiot."

**ANSWER:**    **Denied.**

18.    After plaintiff exited the vehicle Vetter called plaintiff "jag-off" and "fucking jag-off."

**ANSWER:**    **Denied.**

19.    After plaintiff exited the vehicle Vetter called plaintiff "dick head."

**ANSWER:**    **Denied.**

20.    After plaintiff exited the vehicle Vetter said, in reference to plaintiff, "we should have thrown him out in front of a truck."

**ANSWER:**    **Denied.**

21.    After plaintiff exited the truck Vetter used force against plaintiff.

**ANSWER:**    **This allegation is denied because the phrase "used force" is too vague. Further answering, due to Plaintiff's battery against a police officer, Plaintiff was taken into custody.**

3

22.    There was no legal cause for Vetter to use force against plaintiff.

**ANSWER:**    **Denied.**

23.    After plaintiff exited the truck Goetz, Quinn, and O'Neill used force against plaintiff.

**ANSWER:    This allegation can neither be admitted nor denied because the term "used force" is too vague, so it is deemed denied.  Further answering Goetz Quinn and O'Neill did assist in bringing Plaintiff into custody.**

24.    There was no legal cause for Goetz, Quinn, or O'Neill to use force against plaintiff.

**ANSWER:**    **Denied.**

25.    Goetz, Quinn, and O'Neill had the ability and opportunity to prevent Vetter from using force against plaintiff that they knew had no legal justification, and they ailed to protect plaintiff from the use of force by Vetter.

**ANSWER:**    **Denied.**

25.    After plaintiff was subjected to the use of force he was then subjected to a custodial arrest by Vetter and Goetz.

**ANSWER:    Admit that Plaintiff was arrested and placed into custody.  However, deny the part of the allegation that "use of force" was used as that term is too vague, so it is deem denied.**

26.    There was no legal basis to subject plaintiff to a custodial arrest.

**ANSWER:**    **Denied.**

27.    In addition to being issued traffic citations plaintiff was charged with three misdemeanors: Battery to officer Vetter, unlawful use of a weapon, and operating without a business license.

**ANSWER:**    **Admit.**

28.    Officer Vetter signed a criminal complaint against plaintiff for the crime of battery.

**ANSWER:**    **Admit.**

29.    The allegations against plaintiff contained in the criminal complaint signed by Vetter are false and Vetter knew them to be false when he signed the criminal complaint.

**ANSWER:**    **Denied.**

30.    The allegations against plaintiff contained in the criminal complaints for unlawful used of a weapon and operating without a business license were signed by Goetz.

**ANSWER:    Admit.**

31.    The allegations against plaintiff contained in the criminal complaints signed by Goetz are untrue and Goetz knew them to be untrue when he signed the criminal complaints.

**ANSWER:    Denied.**

32.    By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:    Denied.**

33.    The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff s rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:    Denied.**

34.    By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other pr vision set by law.

**ANSWER:    Admit that Plaintiff has retained an attorney in this case, however, deny that Plaintiff is entitled to recover.**

## COUNT I
### Plaintiff Against Defendants Vetter and Goetz for
### UNREASONBLE SEIZURE

35.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER:    Defendants reallege and incorporate their answers to paragraphs 1-34 as if stated herein.**

36.    By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:    Denied.**

37.    The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: One or both defendants seized plaintiff without legal cause, seized plaintiff for an unconstitutional period of time, and subjected plaintiff to a custodial arrest without probable cause for the custodial arrest. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff s rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:    Denied.**

## COUNT II
### Plaintiff Against Defendant Vetter for
### EXCESSIVE FORCE

38.    Plaintiff hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER:    Defendants reallege and incorporate their answers to paragraphs 1-34 as if stated herein.**

39.    Defendant Vetter used excessive force against plaintiff's person.

**ANSWER:    Denied.**

40.    There was no legal cause for Vetter to use force against plaintiff.

**ANSWER:    Denied.**

41.    By reason of Vetter's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:    Denied.**

42.    The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:    Denied.**

## COUNT III
### Plaintiff Against Defendants Goetz, Quinn, and O'Neill for
### EXCESSIVE FORCE or in the alternative FAILURE TO PROTECT

43.    Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER:**    **Defendants reallege and incorporate their answers to paragraphs 1-34 as if stated herein**

44.    Goetz, Quinn, and/or O'Neill used excessive force against plaintiff's person.

**ANSWER:**    **Denied.**

45.    There was no legal cause for Goetz, Quinn, or O'Neill to use force against plaintiff.

**ANSWER:**    **Denied.**

46.    In the alternative, Goetz, Quinn, and/or O'Neill had the ability and opportunity to stop Vetter from using excessive force against plaintiff but failed to do so.

**ANSWER:**    **Denied, as there was no excessive force.**

47.    By reason of these acts and/or omissions by Goetz, Quinn, and O'Neill plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    **Denied.**

48.    The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **Denied.**

**COUNT IV**

**Plaintiff against defendants Vetter and Goetz**
**FOR DUE PROCESS VIOLATIONS**

49.    Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

**ANSWER:**    **All Defendants have move to dismiss this Count so no answer is needed. However, if such answer is needed, Defendants reallege and incorporate their answers to paragraphs 1-34 as if stated herein**

50.    The defendants Vetter and Goetz deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false charges as contained in the criminal complaints, submitting false police report, and otherwise acting to deny plaintiff a fair trial.

**ANSWER:** **All Defendants have move to dismiss this Count so no answer is needed. However, if such answer is needed it is denied.**

51.    The acts described in the preceding paragraph were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** **All Defendants have move to dismiss this Count so no answer is needed. However, if such answer is needed it is denied.**

52.    By reason of the conduct of the individual defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** **All Defendants have move to dismiss this Count so no answer is needed. However, if such answer is needed it is denied.**

## COUNT V

### Plaintiff Against defendants Vetter, Goetz, and the VILLAGE OF OAK LAWN For The State Supplemental Claim Of Malicious Prosecution

53.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

**ANSWER:** **Defendants reallege and incorporate their answers to paragraphs 1-34 as if stated herein**

54.    Defendants Vetter and Goetz caused a criminal prosecution(s) to commence and continue against the plaintiff.

**ANSWER:** **Denied.**

55.    Defendants Vetter and Goetz, police officers employed by the Village of Oak Lawn, maliciously commenced and caused to be continued a criminal actions against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of cert in constitutionally protected liberty and related rights.

**ANSWER:** **Denied.**

56.    Defendants Vetter and Goetz facilitated the malicious prosecution by the creation of false evidence and/or by giving false police reports.

**ANSWER:**    **Denied.**

57.    The criminal proceedings were terminated in the plaintiffs favor in or after August 31, 2007.

**ANSWER:**    **Denied.**

58.    The Village of Oak Lawn is liable to plaintiff for the acts of Vetter and Goetz pursuant to the doctrine of *respondent superior*.

**ANSWER:**    **Denied.**

59.    Therefore, defendants Vetter, Goetz, and the Village of Oak Law are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:**    **Denied.**

WHEREFORE, all Defendants request that judgment be granted in the favor on Plaintiff's Complaint, and for all other relief including costs and fees.

## AFFIRMATIVE DEFENSES

### A.    Qualified Immunity Count I

1.    Defendants were informed by Village of Oak Lawn Officials that Sun Towing did not have a business license to operate a parking lot as a joint venture with another entity within the confines of the Village.

2.    Defendants noted Plaintiff working for joint venture in driving a tow truck and thus he was stopped for engaging in business without a license from the Village.

3.    Plaintiff was also stopped for several vehicle infractions as noted by the Officers at that time.

4.    Defendants did not violate clearly established law in that they reasonably relied upon statements of Village Official that Sun Towing did not have a business license to operate a parking lot as a joint venture, and that the law allows a custodial arrest for this infraction and they also stopped the Plaintiff for vehicle infractions.

5.    In addition, Defendants had probable cause to stop Plaintiff's vehicle for vehicle infractions.

6.    In addition, Defendants were following clearly established law by requiring a driver to exit the vehicle.

7.    All Defendants have qualified immunity because there was no clearly established

9

law based on these facts that the stop and resulting arrest/seizure was unreasonable.

B.    **Qualified Immunity Excessive Force (Counts II, III)**

1.    Any force applied by the Defendants was in response to Plaintiff's battery and for officer safety in that Plaintiff had a dangerous weapon, and in taking Plaintiff into custody for arrest based on numerous violations.

C.    **Collateral Estoppel**

1.    Plaintiff was charged with several citations.

2.    On information and belief, Plaintiff pleaded guilty to several vehicle violations.

3.    Under the principle of collateral estoppel/issue preclusion, he thus cannot prevail on unreasonable arrest.

D.    **State Tort Immunities.**

1.    Pursuant to 745 ILCS 2-202, the arrest of Plaintiff was in the execution or enforcement of a law and was not committed with willful and wanton conduct, thus Defendants cannot be liable.

2.    Pursuant to 745 ILCS 2-102, actions of the officers were in acting in an executive capacity, so no punitives can be assessed under state law claims.

3.    Pursuant 745 ILCS 2-109 a municipality cannot be liable for state law claims unless an employee is liable.  Because there is no individual liability for state law claims as referenced above, there can be no municipal liability.

4.    All Officers had probable cause for the stop and arrest of Plaintiff due to vehicle infractions and operating without a business license and also for battery and having an unlawful deadly weapon.

4.    Prosecutors continue criminal prosecutions not police, and thus officers are immune from malicious prosecution and all the Officers did not take an active part in pressuring the prosecutor to continue these proceedings.

WHEREFORE, all Defendants request that judgment be granted in the favor on Plaintiff's Complaint, and for all other relief including costs and fees.


By:   s/Craig G. Penrose
                One of Their Attorneys


10

Craig G. Penrose
Attorney for all Defendants
Tressler, Soderstrom, Maloney & Priess

Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:
**cpenrose@tsmp.com**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Garret Browne
Ed Fox & Associates
300 West Adams
Suite 300
Chicago, Ill 60606
(312) 345-8877

gbrown@efox-law.com

                                    s/Craig G. Penrose
                                    Craig G. Penrose