IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JIM BURGER** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1249 |
| | ) | |
| vs. | ) | JUDGE DER-YEGHIAYAN |
| | ) | |
| VILLAGE OF OAK LAWN, and Oak Lawn | ) | |
| Police Officers G. Vetter, Star No. 225, | ) | |
| Ignatius Goetz, Star No. 313, Police Officer Quinn, | ) | |
| And Police Officer O'Neill, Star No. 269, Individually) | | |
| Defendants, | ) | |

**JOINT INITIAL STATUS REPORT**

NOW COME the parties, by Garrett Browne attorney of record for the plaintiff, and Craig Penrose attorney of record for defendants, and for their Joint Initial Status Report state as follows:

1) NATURE OF CLAIMS AND COUNTERCLAIMS: On March 4, 2007 the defendants, police officers employed by the Village of Oak Lawn Police Department arrested plaintiff. Plaintiff claims that his arrest was not supported by probable cause, and thus his constitutional rights were violated. Additionally, plaintiff claims that some of the defendants used excessive force during the arrest and that the other defendants failed to protect plaintiff from the use of excessive force despite the ability to do so. Plaintiff has also asserted an Illinois tort claim of malicious prosecution.

Defendants deny that the plaintiff's claims have any merit. Defendants have not asserted any counterclaims.

2) RELIEF SOUGHT BY PLAINTIFF: Plaintiff is seeking to recover compensatory and punitive damages. Additionally, plaintiff is seeking to recover reasonable attorneys' fees and costs incurred during this litigation

3) NAMES OF PARTIES NOT SERVED: All the defendants have been served, an attorney has appeared on their behalf, and the defendants have filed an Answer to the complaint.

4) PRINCIPAL LEGAL ISSUES: Whether there was probable cause to arrest plaintiff, whether the force used by defendants during the course of the arrest was excessive, and whether defendants are entitled to qualified immunity. And under state law, was Plaintiff maliciously prosecuted and whether any state tort immunity is available to defendants

5) PRINCIPAL FACTUAL ISSUES: Whether the defendant police officers had probable cause to arrest plaintiff, whether the defendants used force against plaintiff during the course of the arrest, if force was used was it excessive, whether any of the officers could have and should have stopped force from being used against plaintiff during the course of the arrest, whether the defendants' unsuccessful attempt to have plaintiff prosecuted for "Operating Without a Business license," "Unlawful Use of a Weapon," and "Battery" constituted a malicious prosecution.

6) PENDING MOTIONS: Defendants have filed a motion to dismiss Count IV of plaintiff's complaint alleging due process violations. The motion is noticed for hearing on April 29, 2008. Upon reviewing defendants' motion plaintiff has decided to file a motion to voluntarily dismiss Count IV of the complaint.

7) DESCRIPTION OF DISCOVERY REQUESTED AND EXCHANGED: The parties have not yet exchanged any discovery requests.

8) TYPE OF DISCOVERY NEEDED: The parties will need to exchange responses to interrogatories and responses to requests for production. Additionally, the parties will need to take the depositions of the parties and any witnesses identified by the parties.

9) PROPOSED DATES:

    a. Rule 26(a)(1) Disclosures:  May 15, 2008.

    b. Fact Discovery Completion:  October 30, 2008.

    c. Expert Discovery Completion: February 27, 2009. Plaintiff will provide defendants with any expert reports by December 1, 2008, and defendants will provide plaintiff with any expert reports by January 30, 2009.

    Defendants do not believe this case calls for any expert discovery

    d. Dispositive Motions must be filed by December 1, 2008.

    e. A Final Pretrial Order must be filed by March 30, 2009.

10) ESTIMATION OF WHEN CASE WILL BE READY FOR TRIAL: The parties believe that the case will be ready for trial by March 30, 2009.

11) PROBABLE LENGTH OF TRIAL: The parties estimate that the trial will take approximately three (3) days.

12) JURY DEMAND: The plaintiff filed a jury demand.

13) SETTLEMENT DISCUSSIONS: There have not been any settlement discussions.

14) CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE: There is unanimous consent of the parties to proceed before a Magistrate Judge.

| | |
|---|---|
| /s/Garrett Browne | s/Craig G Penrose |
| ED FOX & ASSOCIATES | Attorney for Defendants |
| Attorneys for Plaintiff | Tressler, Soderstrom, Maloney & Priess |
| 300 West Adams | Sears Tower, 22nd Floor |
| Suite 330 | 233 South Wacker Drive |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |

(312) 345-8877                                               (312) 627-4000
gbrowne@efox-law.com                                cpenrose@tsmp.com